UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS MACIASZEK, on behalf of himself and those similarly situated,

Plaintiff,

vs.

USA WIRELESS, INC., a Florida for Profit Corporation, and AOUS UWEYDA, Individually,

Defendants.

Case No.:

**COLLECTIVE ACTION COMPLAINT UNDER FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL**

Plaintiff, THOMAS MACIASZEK ("Plaintiff"), on behalf of himself and those other similarly situated employees, sues Defendants, USA WIRELESS, INC. and AOUS UWEYDA, ("Defendants"), and states:

**NATURE OF ACTION**

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.("FLSA").

2. This is an action for unpaid overtime compensation under the FLSA. Plaintiff alleges Defendants violated 29 U.S.C. § 207 of the FLSA by failing to pay Plaintiff and other similarly situated employees all wages owed.

3. Specifically, Defendants failed to compensate Plaintiff and other similarly situated employees for required work performed outside their recorded work hours, including but not limited to: auto-deducting 30 minutes each working day;

shaving overtime hours without any explanation; failing to include non-discretionary commission compensation in the overtime calculation; and calculating overtime compensation on a biweekly basis rather than weekly.

**PARTIES**

4. Plaintiff is a resident of Pinellas County, Florida, in the Middle District of Florida.

5. Defendant USA Wireless was, and continues to be, a Florida For-Profit Corporation, engaged in the transaction of business across Florida, with its principal place of business located at 8925 SW 148th ST, Suite 110, Palmetto Bay, FL 33176-8084.

6. Defendant, Mr. Uweyda was, at all times material, the owner and Manager of USA Wireless. Upon information and belief, Mr. Uweyda is a resident of Miami-Dade County, Florida.

**JURISDICTION AND VENUE**

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

8. The Middle District of Florida, Tampa Division, is the proper venue because Defendants employed Plaintiff and other similarly situated employees in this Division, and thus the events giving rise to the claims occurred in this Division.

## FLSA COVERAGE

***Enterprise Coverage***

9. At all times material to this action, Defendants were Plaintiff's "employer," and Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

11. At all times material, Defendants had gross sales volume of at least $500,000 annually.

12. At all times material, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA.

***Individual Coverage***

13. The FLSA individually covers Plaintiff because he was "engaged in commerce," by handling and selling cellular devices, SIM cards, accessories, and related goods that had moved through interstate commerce.

14. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by USA Wireless.

***Individual Liability – Defendant Mr. Uweyda***

15. At all times material hereto, Mr. Uweyda was the Owner/Manager of USA Wireless.

16. At all times material, Mr. Uweyda regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of USA Wireless.

17. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of USA Wireless, Mr. Uweyda is an employer as defined by 29 U.S.C. § 201, et. seq.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff and the putative collective members are current and past Retail Sales Consultants (or other names used by Defendants for what is typically referred to as a retail sales representative) and Assistant Store Managers defined as follows:

> All current and former non-exempt, hourly employees who worked at any USA Wireless retail location at any time from three (3) years before the filing of this action through the date Court-authorized notice is issued, who worked more than forty (40) hours in one or more workweeks and were not paid all overtime compensation owed.

19. Defendants own and operate approximately 140 AT&T retail stores across Florida and Georgia.

20. At any given time, Defendant employ 300-500 non-exempt, hourly employees, including Retail Sales Consultants and Assistant Store Managers.

21. Plaintiff and the putative collective members performed the same or similar job duties. Regardless of title, the duties of a Retail Sales Consultant and an

Assistant Manager are the same: to provide in-store customer service to the customers of the store.

22. Plaintiff and the other similarly situated employees regularly worked in excess of forty (40) hours in a workweek.

23. Plaintiff and the putative collective members were subject to the same or similar timekeeping and compensation policies and practices described in more detail below.

**A. Automatic 30-minute Deductions for Lunch Breaks**

24. To control and reduce its labor budget, Defendants' stores operate using a 1:2 or 1:3 operation. This refers to one manager being onsite with two or three hourly employees during store operating hours.

25. As a result of Defendants' operational decisions, the employees work long hours without much assistance to support the customers' needs.

26. The employees don't typically get breaks due to the limited staffing.

27. Nonetheless, Defendants' policy and practice for all store employees, including Plaintiff, was to automatically deduct 30 minutes each day for lunch breaks, including those days when Plaintiff was unable to take a break.

28. Plaintiff and the other similarly situated employees are owed for work performed "off the clock."

29. As a result of Defendants' practice, Plaintiff and other similarly situated employees are owed overtime wages for all hours worked in excess of forty (40) hours.

**B. Deletion of Overtime Hours**

30. In addition to deducting 30 minutes per day for lunch breaks discussed above, Defendants also have a policy and practice of deleting hours worked recorded through the time keeping system in order to avoid the payment of overtime wages. These deletions are done without explanation to the employees, including Plaintiff.

31. While Plaintiff served in a position in which he was paid on an hourly basis (plus commission), Defendants inexplicably deleted approximately 254 hours worked and recorded without explanation. All or nearly all of the hours deleted were overtime hours in weeks in which Plaintiff worked more than 40 hours in the workweek.

32. Plaintiff and other similarly situated employees frequently complained about the deletion of hours worked. This was often left unaddressed and unexplained.

**C. Failure to Include Commission Compensation in Regular Rate**

33. In addition to his hourly rate of pay, Plaintiff and other similarly situated employees were paid commissions on a monthly basis.

34. The commissions were typically paid in a separate payroll check.

35. When calculating overtime pay (that wasn't already deleted or deducted), Defendants utilized a calculation of time and a half the hourly rate of pay. Defendants did not include commission compensation in the calculation of overtime pay.

**D. Calculating Overtime on a Biweekly Basis**

36. Defendants calculate overtime compensation (that wasn't already deleted or deducted) on a biweekly, rather than the required weekly, basis.

37. As a result, Plaintiff was paid for some hours at his regular hourly rate of pay, when those hours were in fact over 40 in the workweek.

## FACTS

38. Defendants own and operate approximately 140 AT&T retail stores across Florida and Georgia.

39. In or around December 2023, Defendants hired Plaintiff as a "Retail Sales Consultant."

40. As a Retail Sales Consultant, Plaintiff was entitled to his hourly rate of pay ($13.50), plus monthly commissions for his sales.

41. In or around May 2024, Plaintiff was promoted to "Store Manager."

42. As a Store Manager, Plaintiff received a salary, plus he was paid monthly commissions.

43. In or around October 2024, Plaintiff stepped down as Store Manager, and took the position of "Assistant Store Manager."

44. In the Assistant Store Manager role, Plaintiff was paid an hourly rate of pay ($16.00), plus monthly commissions for his sales.

45. On July 22, 2025, undersigned counsel sent pre-suit notice to Defendant Uweyda on behalf of Plaintiff, as well as two other employees.

46. On July 31, 2025, Plaintiff's District Manager, Joseph Reilly, visited his store and asked to meet with Plaintiff. Mr. Reilly began the conversation by stating that he had been sent to see what Plaintiff wanted in order to resolve the issue.

47. Plaintiff informed Mr. Reilly that he had brought this to the Defendants' attention multiple times over the past year and a half without correction beyond a handful of hours being returned.

48. Mr. Reilly told Plaintiff that he didn't have strong enough proof, that Defendants would win the case, and that pursuing the suit would be very costly for Plaintiff.

49. When Plaintiff told Mr. Reilly that he would speak with his counsel about next steps, Mr. Reilly concluded the conversation by issuing a veiled threat, that he liked Plaintiff and hopes he can stay with the company.

50. A week later, on August 8, 2025, Mr. Reilly contacted Plaintiff with Defendants' Human Resources employee, Judith Pinon. Ms. Pinon stated that Plaintiff was being terminated effective immediately.

51. Plaintiff asked Ms. Pinon if he was being terminated for bringing a claim for unpaid wages against Defendants. Ms. Pinon stated that she was not at liberty to disclose a reason for termination.

52. Plaintiff was blatantly terminated in retaliation for asserting his rights under the FLSA.

53. As a result of Defendants' retaliation, Plaintiff has suffered damages, including lost wages.

## STATEMENT OF CLAIM
## VIOLATION OF 29 U.S.C. § 207
## (UNPAID OVERTIME ON BEHALF OF PLAINTIFF AND THOSE SIMILARLY SITUATED)

54. Plaintiff incorporates paragraphs 1-53 as though fully set forth herein.

55. Plaintiff and those similarly situated worked more than forty (40) hours in one or more workweeks.

56. Defendants failed or refused to compensate Plaintiff, and the other hourly overtime wages calculated 1.5 times the regular rate for all hours worked.

57. Defendants violated 29 U.S.C. § 207 of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated hourly employees.

58. Defendants knew its policy and practice of: auto-deducting 30 minutes each working day; shaving overtime hours without any explanation; failing to include non-discretionary commission compensation in the overtime calculation; and calculating overtime compensation on a biweekly basis rather than weekly violated the FLSA overtime provisions. Defendants acted willfully or with reckless disregard of the FLSA because Defendants knew its practice violated the law and continued implementing the unlawful practice.

59. Defendants knew that Plaintiff and the other similarly situated hourly employees performed required work outside of their recorded and compensated hours. Defendants nevertheless failed to include this compensable time in calculating their total hours worked and overtime compensation. Defendants' violations of the FLSA were willful.

60. Pursuant to 29 U.S.C. § 216(b), Plaintiff and those similarly situated seek unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff respectfully requests the following relief on behalf of himself and those similarly situated hourly employees:

a. Pursuant to 29 U.S.C. § 216(b), an order authorizing notice to the perspective putative collective members and providing them an opportunity to opt-in to the action.

b. A declaration that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

c. Unpaid overtime wages;

d. Liquidated damages;

e. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

f. Any other relief this Court deems to be just and proper.

## COUNT II
## FLSA RETALIATION (ON BEHALF OF PLAINTIFF ONLY)

61. Plaintiff realleges Paragraphs 1 through 53 as if fully stated herein.

62. Defendants discharged Plaintiff in direct response to Plaintiff demanding (himself and through counsel) that Defendants pay proper wages in accordance with the FLSA.

63. By Plaintiff seeking enforcement and correction of Defendants' conduct that was in violation of the FLSA, Plaintiff engaged in protected activity under 29 U.S.C. § 215(a).

64. Plaintiff was terminated from his employment with Defendants as a result of having engaged in protected activity under the FLSA.

65. Plaintiff's termination was causally and directly related to his having complained and objected to Defendants' illegal wage practices.

66. Defendants' termination of Plaintiff constitutes a violation of FLSA's anti-retaliation provision.

67. Defendants acted willfully or with reckless disregard of the FLSA when it terminated Plaintiff for complaining about Defendants' violation of the FLSA.

WHEREFORE, Plaintiff respectfully requests the following relief:

a. A declaration that Defendants violated the anti-retaliation provisions of 29 U.S.C. § 215(a)(3);
b. An order enjoining and permanently restraining the violations of the anti-retaliation protections contained in the FLSA.
c. Backpay;
d. Front pay in lieu of reinstatement;
e. Liquidated damages;
f. Compensatory damages;
g. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);
h. Any other relief that the Arbitrator deems to be just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right.

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Peter M. Jennings
Fla. Bar No. 1054512
Email: Peter@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017